**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ARTHUR COTA, | : | Civil No. 07-6052 (RBK) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| N. JERSEY ESQ. GEN., | : |  |
|  | : |  |
| Defendant. | : |  |

**APPEARANCES**:

    ARTHUR COTA, #42522, pro se
    ASPC - Eyman
    P.O. Box 8400
    Florence, Arizona 85232

**KUGLER**, District Judge

    Arthur Cota (herinafter "Plaintiff"), Arizona prisoner #42522, seeks to bring an action under the All Writs Act, see 28 U.S.C. § 1651, and to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  Because the pleading is incomprehensible and does not establish this Court's jurisdiction, this Court will dismiss the pleading, without prejudice to the filing of an amended complaint/petition.

---

[1] According to the Arizona Department of Corrections website, Inmate #42522 is Doroteo A. Cota, who was convicted of resisting arrest on May 9, 2000, and released from prison on December 22, 2007, 17 days after he signed the pleading presently before this Court.  See Information for Inmate 042522 COTA, http://test.azcorrections.gov/isearch/inmate_datasearch/ results.aspx?InmateNumber=042522&LastName=COTA&FNMI=D&SearchType=Search (last visited Jan. 4, 2008).  In addition, on January 2, 2008, a copy of the notice of electronic filing mailed to Plaintiff at the address he provided was returned to the Clerk as undeliverable, with the notation "Inmate No Longer In Custody."

# I.  BACKGROUND

Plaintiff brings this pleading pursuant to the All Writs Act against "N. Jersey esq. gen." (Compl. caption.)  Although most of Plaintiff's two-page statement of claim is illegible and incomprehensible, this Court discerns Plaintiff's allegation that his Arizona sentence of five and three-quarter years for resisting arrest expired on February 25, 2007, and his request for an order to "prohibit any all courts from blocking justice to stop Ariz. from denying relief."  (Compl. ¶ 4.)

# II.  DISCUSSION

A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884).  As the Supreme Court stated in <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court.  Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

"Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III."  <u>In re TMI Litigation Cases Consol. II</u>, 940 F.2d 832, 861-62 (3d Cir. 1991) (Scirica, J., concurring) (citing <u>Hodgson v. Bowerbank</u>, 5 Cranch (9 U.S.) 303, 3 L.Ed. 108 (1809)).  Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and

> Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing jurisdiction must be alleged in the pleading. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Being of limited jurisdiction, a federal court

> has cognisance, not of cases generally, but only of a few specially circumstanced, amounting to a small proportion of the cases which an unlimited jurisdiction would embrace. And the fair presumption is (not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction, until the contrary appears. This renders it necessary, inasmuch as the proceedings of no court can be deemed valid, further than its jurisdiction appears, or can be presumed, to set forth upon the record of a circuit court, the facts or circumstances which give jurisdiction, either expressly, or in such manner as to render them certain by legal intendment.

Turner v. Bank of North America, 4 U.S. 8, 10 (1799).

Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

(1) Diversity Jurisdiction

The constitutional grant of diversity jurisdiction extends to "Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2; see also 28 U.S.C. § 1332. Congress has

given district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

In this pleading, Plaintiff seeks not damages, but an order to "prohibit any all courts from blocking justice to stop Ariz. from denying relief" because his criminal sentence expired February 25, 2007. (Compl. ¶ 4.) This Court does not have diversity jurisdiction over the action because the matter in controversy is less than the $75,000 jurisdictional threshold.

(2) Federal Question

A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Plaintiff states that the action is being brought pursuant to the All Writs Act, 28 U.S.C. § 1651. The All Writs Act provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C.A. § 1651.

"[T]he All Writs Act, by itself, creates no jurisdiction in the district courts. It empowers them only to issue writs in aid of jurisdiction . . . acquired on some other independent ground." Brittingham v. Commissioner, 451 F. 2d 315, 317 (5th Cir. 1971); see also Burr & Forman v. Blair, 470 F. 3d 1019, 1027 (11th Cir. 2006) ("The [All Writs] Act does not create subject matter

jurisdiction for courts . . . . Instead, the Act provides courts with a procedural tool to enforce jurisdiction they have already derived from another source"). Moreover, the All Writs Act "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 43 (1985).

In this case, Plaintiff's pleading asserts no jurisdictional basis. Section 2254 of Title 28 of the United States Code gives a district court jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.[2] This Court does not have federal question jurisdiction pursuant to either of these statutes, however, because Plaintiff does not assert violation of federal law. As the pleading presents no basis for

---

[2] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

the Court to exercise jurisdiction, this Court will dismiss the pleading for lack of subject matter jurisdiction. The dismissal is without prejudice to the filing of an amended pleading, within 30 days of the date of the entry of the Order accompanying this Opinion.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the pleading, without prejudice to the filing of an amended pleading within 30 days of the date of the entry of the Order accompany this Opinion.

 s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:      January  9    , 2008